Ashburn, J.
Considering, carefully, the facts of this case, did the Court of Common Pleas err as to the law oí the action in the charge given to the jury ? An answer to this question involves all there is in the case. If answered in the affirmative, the judgment of the District Court must be affirmed ; if in the negative, the judgment of that court will be reversed, and that, necessarily, reverses the proceedings and judgment of the Court of Common Pleas.
The general duties of a constable are regulated by statute, and, while that is the case, there are many things for him to do or forbear doing, upon which there is no direct legislation, often being called upon to act, where the margin, between personal responsibility and legal duty, is so narrow us scarcely to be defined — where an error of judgment makes him a wrongdoer. By reason of this all proper intendments will be made in favors of an honest discharge of statutory duty and obligation, consistent with the rights of the execution debtor’.
Upon the facts in this case, were the defendants trespassers? The statute (S. & C. 800, sec. 174) requires a.constable, having a levy made under an execution, to advertise all the property levied on, at four of the most public places in the township where seized, at least ten days prior to the day of sale, and requires the property to be sold between the hours of ten o’clock a. m. and four o’clock p. M., at the •house, or on the premises where such property was taken, or at one of the most public places in the township. It is the manifest purpose of this statute to provide for a fair, •open, public sale, at the time and place named in the advertisement. The officer must do nothing to prejudice the rights of either debtor or creditor. No secret bidding is •contemplated; no confidential relationship, as to bidding at the sale, can be allowed; all must be fair, all must be •open at the sale. So that the officer will be free to exercise *525 his judgment as to any matter or question that may arise, while the public sale is in progress. So that he may be able to determine from any facts before him the necessity of selling all or only part of the property levied on. It may happen at the sale, from competition or other cause, that a part only of the property need be sold to satisfy the execution. In that ease the constable will not be justified in selling more than is needed. If the property is susceptible of division into parcels, and the constable sells more-of the property than is necessary to pay the claim and costs, he will be responsible to the debtor for the property thus sold unnecessarily. Stead et al., Assignees of Morehouse v. Gasciogne, 8 Taunt. 527; 4 Moore & Scott, 552. The law contemplates, and duty demands, the absolute impartiality of the constable in conducting the sale. Circumstances, or the condition of a bidder at the sale, may require-his determination as to whether he should receive an offered bid. To do tbis, in a manner contemplated by the law, he must then be free from all actual or implied engagements-with others in regard to the property to be sold. He is to consider such bids for the property, and none other, as are-offered to him as constable at the time of the sale or offering. Should he receive a proposed bid from a person at another time and place than the time and place advertised, he must, in relation thereto, be treated as the agent of such person, and when, at the sale, he offers the bid, he does so-as the agent of such person. The law will not tolerate this dual condition of the officer. The law makes him the agent of the judgment debtor and creditor in conducting the sale, and charges him with the duty of seeing that no-harm is done to the interests of either. To take upon himself, directly or indirectly, the relation of private agent foi the bidder, violates the spirit, if not the letter, of section 175 of the statute (S. & C. 800). That provides, “ It shall not be lawful for any justice of the peace who issued the execution, nor for the constable holding the execution, to purchase, either directly or indirectly, any property sold under such execution.” If either should do so, the statute makes- *526 him “liable to the action of the party injured thereby.” It is intended by this, that the constable shall so conduct the sale, and himself in relation theretd, that no suspicion •of partiality or wrong may attach to his official conduct in relation thereto.
The constable may receive bids in writing, or through .any other medium, provided they come to him as bids at the time of the sale. He must not bid for himself directly ■or indirectly. No more can he lawfully, directly or indirectly, bid for another at his official sale. How was it in this ease ? Sometime in the forenoon of that day the defendants had a meeting about one mile from the place of •■sale. The hour of sale had not come. Sparling handed Porter an offer, in writing, of ten dollars for the wheat levied on. Sparling was not present, at the time of the alleged «ale, to offer the constable a bid for the property. The proposed offer of ten dollars, handed by Starling to Porter, was not, at the time it came into the possession of Porter, .a bid, for the reason that the property was not then offered for sale. If Sparling’s offer ever becomes a bid at the time -of the sale, it must become so through the agency of Porter; there is no other person present to offer the constable, the proposed bid save James Porter. Porter, then, in offering the proposed bid of Sparling to himself as constable .at the sale, must have acted as agent of Sparling. Porter was the sole person present at the time and place advertised for the sale; had in his possession Sparling’s proposition for a. bid, which could only reach the public through the constable, and when he did offer and cry Sparling’s proposition as a bid, he assumed to act in the double capacity of individual and officer. By voluntary action he became the individual agent of Sparling, when by the law he is iustructéd to act as the impartial agent of the debtor and •creditor. In this way Todd’s property was sacrificed. Wheat, as shown by the proofs, wmrth more than one hundred dollars, was declared sold on an alleged bid of ten •dollars, in satisfaction of a claim on which there was due, Including costs, not more than ten dollars.
*527 We think this transaction should not be upheld. The ■constable’s mode of disposing of the debtor’s property was without warrant of law, and this alleged sale can not receive ■our sanction.
On the morning of the ensuing day, in fulfillment of their previous understanding, Sparling paid Porter ten dollars. Porter delivered Sparling the wheat and he took possession thereof. As there was no sale on the day previous, the parties, by this act-, became trespassers — wrongdoers to the extent of the full value of the property. "
Having arrived at this conclusion, we hold there was no ■error in the charge of the court, and that the motion for. a new trial was properly overruled.

Judgment of the District Court affirmed.

Scott, Chief Judge, Day, Wright, and Johnson, JJ., concurred.